**NOT FOR PUBLICATION**

**POSTED TO THE WEBSITE**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 25-20483-A-7 |
| BARRIE WILLIAM GEORGE EVES, | KA-7 |
| Debtor. | **Memorandum Amending Findings of Fact and Conclusions of Law** |

Argued and submitted on December 15, 2025

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: Attorney Kimberly Ahrens for Creditors Maurice Giron, Ahrens Law, APC, and Kimberly Ahrens; Attorney James A. Shepherd for the Debtor

Section 362(d)(1) allows this court to modify the stay to allow state court litigation to liquidate a debt. Creditor prevailed against the debtor in state court but has not ruled on an attorneys' fees motion. Debtor filed Chapter 7, which is a "no asset" case. Creditor sections 523, 727 actions. The debt will only be relevant if the plaintiff prevails in the adversary proceeding but requires continued state court litigation. Should the court grant stay relief?

**I.　FACTS**

Prior to bankruptcy, Barrie George Eves ("Eves") was a one of several defendants in a state court employment law action. The plaintiff was Maurice Giron ("Giron"); his attorney was Kimberly Ahrens ("Ahrens"). At trial, plaintiff Giron prevailed and was awarded damages of $1.4 million. Apparently, applicable non-bankruptcy law authorizes the prevailing plaintiff in such an action to seek costs and attorney's fees.

Before Giron sought those fees, Eves filed a Chapter 7 bankruptcy. Irma Edmonds was appointed and remains the Chapter 7 trustee. Trustee Edmonds has filed a report of no distribution. Giron has filed a claim for $1.4 million; Ahrens has filed a claim for attorney's fees in an "unknown," amount.

Giron and Ahrens filed a post-trial motion for attorney's fees and costs against all defendants except Eves. Ahrens decl. 3:2-3, ECF No. 48. Thereafter, "the State Court ordered Plaintiff's, herein Creditors, to obtain an order from the United States Bankruptcy Court lifting the stay for Debtor Eves to enable the State court to rule on the motion for fees and costs and continued the post-trial motion for fees." *Id.* at 3:5-8.

Creditor Giron and attorney Ahrens have filed an adversary

proceeding to deny Eves his discharge and to except the debt from discharge.  11 U.S.C. §§ 523, 727.  Notwithstanding the passage of almost nine months and several amendments to the complaint, the adversary proceeding is in the pleadings stage.

**II.   PROCEDURE**

Thereafter, Giron and Ahrens moved this court for relief from the stay to allow the state court to rule on the motion for attorney's fees and costs.  Eves opposed the motion.  The court denied the motion believing that the question was better handled by way of the claims process.  Civ. Minutes, ECF No. 51.  Giron and Ahrens have appealed the ruling and, in light of that appeal, this court avails itself of the option to augmenting its findings of fact and conclusions of law.

**III.  JURISDICTION**

This court has jurisdiction.  28 U.S.C. §§ 1334(a)-(b), 157(b); see also General Order No. 182 of the Eastern District of California.  Jurisdiction is core.  28 U.S.C. § 157(b)(2)(a)-(O); *In re Bellucci*, 119 B.R. 763, 773 (Bankr. E.D. Cal. 1990).

**IV.   DISCUSSION**

The Bankruptcy Court may lift or modify the stay for cause.  11 U.S.C. § 362(d)(1).  Excepting a lack of adequate protection, cause" is not a defined term.  "Cause" has no clear definition and is determined on a case-by-case basis."  *In re Universal Life Church, Inc.*, 127 B.R. 453, 455 (E.D. Cal. 1991), *aff'd sub nom. Universal Life Church, Inc. v. United States*, 965 F.2d 777 (9th Cir. 1992).  The bankruptcy court is given wide discretion on the question.  *In re Arnold*, 806 F.2d 937, 938 (9th Cir. 1986).

While it is true that litigation in a non-bankruptcy forum may constitute cause, *In re Tucson Estates, Inc.*, 912 F. 2d 1162, 1169

3

(9th Cir. 1990), the existence of litigation in a non-bankruptcy forum is not cause per se. Many courts apply the *Sonnax Industries* factors:

> [1] Whether the relief will result in a complete or only a partial resolution of the issues; [2] The degree of connection or interference with the bankruptcy case; [3] Whether the case involves the debtor as a fiduciary; [4] Whether the case is before a specialized tribunal with necessary expertise to determine the issues; [5] Whether the debtor's defense and potential liability is covered by insurance; [6] Whether the action involves primarily third parties; [7] Whether the case would prejudice other creditors' interests; [8] Whether a resulting judgment would be subject to equitable subordination (11 USC § 510(c); [9] Whether a resulting judgment would result in a judicial lien avoidable by the debtor (11 USC § 522(f), see ¶ 21:1390 ff.); [10] The interests of judicial economy and the expeditious and economical resolution of litigation; [11] Whether the parties are ready for trial; and [12] The impact of the stay on the parties and the balance of harms.

March, Ahart & Shapiro, *California Practice Guide*: Bankruptcy § 8:1165 (Rutter Group December 2025), citing *In re Sonnax Indus., Inc*. (2nd Cir. 1990) 907 F.2d 1280, 1286; *In re Hakim*, 212 B.R. 632, 639-640 (Bankr. N.D. Cal. 1997).

As the court noted in *Sonnax*, not all of the factors apply in every case and the court need not give equal weight in making its decision. *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 560 (Bankr. C.D. Cal. 2004); *In re Smith*, 389 B.R. 902, 919 (Bankr. D. Nev. 2008).

Two points seem relevant. First, the movant can still obtain state court relief, i.e., ruling on the attorney's fees motion, as to the other defendants. That is true because the stay does not protect third parties. *In re Chugach Forest Products, Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (stay does not protect third parties); *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491-1492 (9th Cir. 1993). It appears that some, or all, of the players in the state court action

4

believe the contrary.

Second, as to the real player before this court, Giron and Eves, this court believes that the *Sonnax Indus*. factors weigh in favor of denial of the motion. At best, the state court's ruling will afford only partial relief. The Chapter 7 case is a no asset case, which means liquidation of the claim is unnecessary for purposes of distribution. Certainly, liquidation would resolve a part, probably a very small part, of the discharge and denial of discharge proceedings. Based on this court's involvement with the adversary proceeding, this court is not yet convinced that this is a likely outcome.

Likewise, the degree of connection or interference, the case is less than strong, again because it will impact only the adversary proceeding.

Moreover, there is no evidence that the debtor has insurance that will pay to defend the motion. This court does not believe that compelling the debtor to expend precious resources defending the motion on the chance that the plaintiff will prevail in the adversary (which could make liquidation of the debt significant).

While the movant argues that judicial economy is served by granting the motion, this court finds to the contrary. The question of the attorney's fees and costs for which Eves is liable can easily be determined by this court.

Finally, the court balances the harms. The debtor may be significantly harmed financially by being forced to defend further in state court; in contrast, the creditor will not be harmed by forcing him to liquidate his debt in the non-dischargeability action. March, Ahert & Shapiro, *California Practice Guide: Bankruptcy* § 8:1176 (Rutter Group December 2025) ("Where the subject of the litigation

relates to a claim against the debtor that is dischargeable in bankruptcy, relief from stay may be denied. Reason: Such claims usually can be handled more economically within the bankruptcy case).

**V.    CONCLUSION**

For each of these reasons, the motion will be denied. The court will issue an amended order from chambers.

Dated: December 18, 2025

Fredrick E. Clement
United States Bankruptcy Judge

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |
| **Kimberly Ahrens**<br>Ahrens Law, APC<br>2173 Salk Ave, Ste 250<br>Carlsbad, CA  92008 | |

7